UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-30032-01-02 |
| V. | JUDGE ROBERT G. JAMES |
| JOSE LUIS VERDE | MAG. JUDGE KAREN L. HAYES |

RULING ON OBJECTIONS TO PRESENTENCE REPORT

First, in a separate set of objections submitted by local counsel, defendant objects that the presentence report should reflect that he is under consideration for a 5K1.1. motion and that he is an appropriate candidate for the residential drug treatment program.

The probation officer has responded to these objections by pointing out that the possibility of a 5k1.1 motion was not discussed in the written plea package. While this issue was addressed orally at the guilty plea hearing, regardless, the Court will be notified if the Government files a 5K1.1 motion. Additionally, Defendant previously denied to the probation officer that he has a drug problem.

The Government has declined to file a 5K1.1 motion in this matter. Therefore, Defendant's objection on this basis is DENIED. Further, Defendant

told the probation officer at the time of his interview that he did not have a substance abuse problem. For this reason, no revision to the presentence report is warranted on this basis either. Nevertheless, Defendant has now stated in open court that he has a substance abuse problem. Therefore, the Court will recommend to the Bureau of Prison that Defendant be allowed to participate in its 500-hour residential drug treatment program.

Defendant also objects that he should have been given a four-level reduction in his offense level because he was a minimal participant in the conspiracy or a two-level reduction because he was a minor participant. Pursuant to U.S. Sentencing Guidelines Section 3B1.2, a defendant's offense level may be reduced for his mitigating role in the offense. An offense level is decreased by four levels if the defendant was a minimal participant in any criminal activity. Alternatively, an offense level is decreased by two levels if the defendant was a minor participant in any criminal activity. For cases falling between minimal and minor participation, courts are instructed to reduce by three.

Defendant bears the burden of proving his minimal or minor role in the offense by a preponderance of the evidence.

In the commentary, application note 3.(a) explains that this section provides an adjustment for a defendant who "plays a part in committing the offense that

makes him substantially less culpable than the average participant."

Application note 4 explains that the four-level reduction for a minimal participant is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and the activities of others is indicative of a role of a minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

Application note 5 explains that a minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal.

Having heard the testimony of Defendant; his sister and Co-Defendant, San Juanita Hernandez; and Agent Daryl Cowans at this hearing and having considered the arguments of counsel, the Court finds that defendant is not entitled to a reduction as a minimal or minor participant. Under U.S.S.G. § 3B1.2, a defendant who only transports drugs as part of a larger conspiracy is not precluded from consideration for a reduction in his offense level as a minimal or minor participant. On the other hand, a defendant's status as a courier does not necessarily render him a minimal or minor participant. <u>United States v.</u>

Buenrostro, 868 F.2d 135, 138 (5th Cir.1989). Additionally, the Court need not accept self-serving statements about the defendant's role in the offense. United States v. Brown, 54 F.3d 234, 241 (5th Cir.1995).

    In this case, it is undisputed that Defendant made, or attempted to make, at least two trips to Georgia with his sister. He also provided the vehicle which was used to transport the drugs. Although Ms. Hernandez testified that the vehicle was actually hers, she could not lawfully register the vehicle in her name because she had a suspended license. Without Defendant's participation, his sister would not have had the vehicle. Finally, Agent Cowans provided information obtained from a Customs Agent in Texas, Robert Cagle, that Defendant crossed the Texas-Mexico border at least once in a vehicle with hidden compartments.

    The Court finds that Defendant has failed to show by a preponderance of the evidence that he was a minor or minimal participant in this drug conspiracy. Accordingly, his objection is DENIED.